IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN SOUTHERN INSURANCE COMPANY,

    Plaintiff,

CASE NO.: 8'09cv2070 T26 TGW

vs.

MARY LOU FLANNER, as Trustee of the
MARY LOU FLANNERY REVOCABLE TRUST,
AUDREY MARTIN, and ERIC MARTIN,

    Defendants.

_____/

## COMPLAINT

Plaintiff, AMERICAN SOUTHERN INSURANCE COMPANY (hereinafter referred to as "AMERICAN SOUTHERN"), by and through its undersigned attorneys, sues Defendants, MARY LOU FLANNERY REVOCABLE TRUST (hereinafter referred to as "FLANNERY TRUST"), AUDREY MARTIN, and ERIC MARTIN, and for a cause of action would allege as follows:

1.    This is an action for declaratory judgment brought pursuant to *Florida Statutes* Chapter 86.

2.	This Court has jurisdiction pursuant to 42 U.S.C. Section 1332 based on diversity of citizens ship among the Plaintiff and all Defendants to this action and in that the amount in controversy exceeds the sum of $75,000.

3.	AMERICAN SOUTHERN is an insurer, incorporated in Kansas, with its principal place of business located in Georgia.

4.	FLANNERY TRUST is a revocable trust, established and existing under the laws of the State of Florida. Further, FLANNERY TRUST's settlor and trustee, Mary Lou Flannery, is a citizen of Florida.

5.	At all times material hereto and continuing to the present, AUDREY MARTIN, was and is a citizen of Florida.

6.	At all times material hereto and continuing to the present, ERIC MARTIN was and is a citizen of Florida.

7.	AMERICAN SOUTHERN insured FLANNERY TRUST under a policy of Owners' Landlords' and Tenants' liability insurance, policy number GLA76572, covering the policy period of September 22, 2008 through September 22, 2009. A copy of said liability policy is attached hereto as Exhibit "A". The policy was issued in Florida to a Florida trust. As such, Florida law would apply to the interpretation of that policy.

8. In May 2005, FLANNERY TRUST purchased residential property in or near Dade City, Pasco County, Florida. At the time FLANNERY TRUST purchased the residential property, it was the intention of the Trustee, Mary Lou Flannery, that her daughter and son-in-law, AUDREY MARTIN and ERIC MARTIN, live in that residence.

9. In September 2005, a water leak occurred in the kitchen area of the residence. Mary Lou Flannery hired a plumber who fixed one or more leaks in the residence.

10. At the time the leaks were repaired, the Dade City residence was also insured by Citizens Property and Casualty Insurance Company under a dwelling policy, policy number FRJD1246490, and covering the time period May 18, 2005 to the present. However, the Citizens Property and Casualty Insurance Company policy did not cover FLANNERY TRUST's potential liability as a landlord, and FLANNERY TRUST obtained the landlords' policy through Plaintiff, AMERICAN SOUTHERN.

11. FLANNERY TRUST submitted the bills related to the September 2005 water leaks to Citizens Property and Casualty Insurance Company. Upon receipt of those bills, Citizens Property and Casualty Insurance Company retained Lozano Insurance Adjusters to adjust the loss. Thereafter, Citizens Property and

Casualty Insurance Company hired a remediation company, Acme Remediation, and a contractor, Bay Area Disaster Kleenup, to remove any mold and to make necessary repairs. During the remediation and repairs, FLANNERY TRUST as advised by representatives of Acme Remediation and Bay Area Disaster Kleenup that it was safe for AUDREY MARTIN and ERIC MARTIN to remain in the residence during the work.

12. At the conclusion of the repair and remediation work, Mary Lou Flannery, as Trustee of FLANNERY TRUST, believed that all mold had been removed and that all repairs to the residence had been done in a workmanlike manner.

13. In late 2008 or early 2009, ERIC MARTIN claims that he saw something that looked like mold around a smoke detector in the residence. FLANNERY TRUST immediately hired a company to inspect the residence. The inspector discovered mold. ERIC MARTIN has indicated that the mold may have been in existence from the time mold was first discovered in the Dade City residence as far back as 2005 and the that the mold had been growing for some period of time.

14. As a result of the foregoing, AUDREY MARTIN and ERIC MARTIN have made claims against FLANNERY TRUST asserting that they have been

injured and damaged over the time they resided in the Dade City residence by that mold and/or by improper remediation of the mold and are seeking damages greater than $75,000.

15. The policy of insurance attached hereto as Exhibit "A" does not provide coverage for the claims being asserted by AUDREY MARTIN and ERIC MARTIN. In general, the policy provides:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.
>
> This insurance applies to "bodily injury" and "property damage" only if:
>
>> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>>
>> (2) The "bodily injury" or "property damage" occurs during the policy period.

16. The same insurance policy defines "occurrence" as:

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. The term "accident" as used in the definition of "occurrence" has been defined by case law to mean "an undersigned, sudden, and unexpected event usually of an afflictive or unfortunate character and often accompanied by a

manifestation of force. The term implies a misfortune with concomitant damage to a victim, not the negligence which eventually results in that misfortune.

18.  As the claims made by AUDREY MARTIN and ERIC MARTIN did not arise out of an "occurrence", the landlords' insurance policy issued by Plaintiff does not provide coverage for those claims and Plaintiff is entitled to a judgment to that effect.

19.  AMERICAN SOUTHERN is in doubt as to its rights and obligations under the insurance policy attached hereto as Exhibit "A", in light of the claims and assertions being made by AUDREY MARTIN and ERIC MARTIN and in light of the insuring language of the policy as referenced above.

WHEREFORE Plaintiff, AMERICAN SOUTHERN INSURANCE COMPANY, respectfully requests the Court to enter a Judgment declaring:

A.  That Plaintiff, AMERICAN SOUTHERN INSURANCE COMPANY, owes no duty to defend Defendant, MARY LOU FLANNERY REVOCABLE TRUST, in any legal action that may be brought by Defendants, AUDREY MARTIN and ERIC MARTIN.

B.  That Plaintiff, AMERICAN SOUTHERN INSURANCE COMPANY, owes no duty to indemnify Defendant, MARY LOU FLANNERY REVOCABLE

TRUST, for any damages that may be awarded in favor of Defendants, AUDREY MARTIN and ERIC MARTIN.

E. That Plaintiff, AMERICAN SOUTHERN INSURANCE COMPANY, owes no duties to Defendants, AUDREY MARTIN and ERIC MARTIN, arising out of the presence of mold in the Dade City residence as alleged herein.

F. Any and other such relief as this Court deems just and equitable, including the costs of this action.

_____
ROBERT D. KEOUGH, ESQUIRE
KEOUGH, DUBOSE & DEBARI, P.A.
1516 E. Colonial Drive, Suite 105
Post Office Box 1609
Orlando, Florida 32802-1609
Telephone (407) 849-5050
Florida Bar No. 321583
Attorneys for Plaintiff